UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMRISH RAJAGOPALAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Defendant. | CASE NO. C16-5739BHS<br><br>ORDER REQUESTING ADDITIONAL BRIEFING AND RENOTING DEFENDANT'S MOTION |

This matter comes before the Court on Defendant Fidelity and Deposit Company of Maryland's ("Fidelity") motion to dismiss class action complaint (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On July 18, 2016, Plaintiffs Amrish Rajagopalan, Marie Johnson-Peredo, Robert Hewson, Donte Cheeks, Deborah Horton, Richard Pierce, Erma Sue Clyatt, Robert Joyce, Amy Joyce, Arthur Fuller, Dawn Meade, Wahab Ekunsum, Karen Hea, and Alex Casiano ("Plaintiffs") filed a class action complaint against Fidelity in Pierce County Superior

1  Court for the State of Washington. Dkt. 1, Exh. A ("Comp"). Plaintiffs allege violations
2  of Washington's Insurance Fair Conduct Act ("IFCA"), bad faith, violation of
3  Washington's Consumer Protection Act ("CPA"), and negligence. *Id*.
4      On August 24, 2016, Fidelity removed the matter to this Court. Dkt. 1.
5      On August 31, 2016, Fidelity filed a motion to dismiss. Dkt. 8. On October 21,
6  2016, Plaintiffs responded. Dkt. 12. On November 4, 2016, Fidelity replied. Dkt. 17.

## II. FACTUAL BACKGROUND

8      Meracord, LLC ("Meracord") was a payment processing company that provided
9  money transmission services nationwide. Comp., ¶ 1. Fidelity issued bonds in 19 states
10 backing Meracord's money transmitter licenses ("the Bonds"). *Id*., ¶ 3. In 2011,
11 Meracord faced a series of class action lawsuits brought by consumers alleging that
12 Meracord had violated various state and federal laws in connection with its processing of
13 payments for the debt relief services industry. *Id*., ¶ 4. In October 2013, the Consumer
14 Financial Protection Bureau announced an enforcement action that effectively shut down
15 Meracord, imposing a $1.3 million penalty and barring Meracord and its owner, Linda
16 Remsberg, from the debt settlement industry. *Id*., ¶ 6.
17     Plaintiffs allege that a proposed settlement of their class action against Mericord
18 was reached that involved many moving parts. Relevant to the instant motion, the
19 settlement required Fidelity to contribute by partial tender of some of the Bonds. *Id*., ¶
20 8–9. Fidelity refused to tender and the settlement fell through. *Id*., ¶ 10. Meracord
21 defaulted and suffered a $1.45 billion judgment against it. *Id*. Plaintiffs executed on the
22 final judgment, and on April 13, 2016, they acquired all claims that Meracord had against

the sureties. *Id.*, ¶ 16. Plaintiffs bring this action as the lawful owner of Meracord's claims against Fidelity. *Id.*

## III. DISCUSSION

As a threshold matter, the parties advance plausible, competing arguments for the extension of existing law in Washington. In other words, the parties have presented issues of first impression. Based on the parties' briefs and independent research, the Court is hesitant to issue an order resolving the questions under existing law. Thus, the Court requests additional briefing regarding whether all four questions should be certified to the Washington Supreme Court. Regarding the tort of bad faith, the Washington Supreme Court has addressed the tort in the context of a duty the surety owes to the obligee, but not the bond principal. *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161 Wn.2d 577, 597–607 (2007). Regarding the statutory causes of action, Washington courts have not addressed the issue of whether a bond principal meets the definition of a first party claimant under RCW 48.30.015(4). Regarding the negligence claim, Plaintiffs rely on violations of Washington statutes to support the claim, which raises issues of first impression. Therefore, the Court finds that these questions should most likely be certified to the Washington Supreme Court. The Court requests the parties' positions on whether the questions should be certified and, if so, draft language of the particular questions.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the parties may submit simultaneous response briefs no later than January 27, 2017, and simultaneous reply briefs no later than

1 | February 3, 2017.  The Clerk shall renote Fidelity's motion for consideration on the
2 | Court's February 3, 2017 calendar.
3 |     Dated this 17th day of January, 2017.

                                         BENJAMIN H. SETTLE
                                         United States District Judge